*Municipal Court of the City of Boston*

No. 397215

**ROSE ARDOLINO**

**v.**

**W. T. GRANT COMPANY**

(May 26, 1955)

*Adlow, C. J.* Action of tort for personal injuries

sustained by the plaintiff, Rose Ardolino, while an invitee of the defendant, W. T. Grant Company, on the premises of its store at 26 Corinth Street in the Roslindale section of Boston. There was a finding for the plaintiff in the amount of $825.00. (*Roberts, J.*)

There was evidence that while proceeding to the basement of the defendant's store to purchase some dress material, the plaintiff fell on the steps and suffered injury. These steps were of wood and six feet wide with a wooden railing on each side. About halfway down on the steps was a landing three or four feet wide. In stepping off the landing the plaintiff placed her right foot at the outer edge of the landing which was rounded, and her right foot slipped with the result that she fell all the way down, about eight steps, to the bottom of the staircase. At the time the plaintiff was carrying two bundles and was unable to put her hands on the railing.

After falling, the plaintiff looked back and observed that the wood at the outer edge of the landing was worn and smooth and that at the place where she slipped, which was about two feet out from the right hand wall, it was worn to a sort of groove and was slick. The plaintiff's daughter who was with her identified the place where her mother fell at the edge of the landing and said that it was "worn to a groove"; that "you could not tell the grain from the wood, and that it was white and worn down to the grain." She further testified that "it was a different color from the rest of the stairs", and was worn down so that it was concave and curved in; that it was slanted on the edges and more worn down in the center, and worn to a groove and slick where traffic had gone by.

The difficulties in this case derive from two sources. In the first place the law is not altogether clear as to what conditions suffice to constitute an actionable defect. Recovery has been denied where the defect was described as "slightly worn, smooth, and slippery and slanted downward about one-half inch from its

inner to its outer edge". *Shinkwin v. H. L. Green Co., Inc.,* 318 Mass. 70. Likewise, recovery was denied in a case where one who fell on an escalator described the treads as "smooth, shiny, and they were worn and slippery". *Grace v. Boston El. Ry.,* 322 Mass. 224. In the latter case the court was careful to distinguish between characterizing adjectives, which can apply with equal validity to safe as to dangerous conditions, and those descriptions which suggest physical change from safe to dangerous conditions. It was perhaps the inferences of physical change permitted by the description of the staircase in *Bennett v. Jordan Marsh Co.,* 216 Mass. 550, 551 that enabled the court to allow the plaintiff to recover for a fall on a staircase where the corrugated edge of the tread "presented a smooth, shiny and very slippery surface, rounded off by wear at the edge, and that this condition was more noticeable in the middle of the stairs than at the ends, while the corrugations had been worn down so that they could be observed or detected only with difficulty".

In the instant case there is a generous employment of adjectives which of themselves have no legal significance. While it is difficult to visualize the condition described by the terms "worn down so that it was concave and curved in"; "slanted on the edges and more worn down in the center"; "and worn to a groove and slick where traffic had gone by": it cannot be said that the court which heard this descriptive matter was not warranted in concluding from it that the wear and tear on the staircase had resulted in a physical change to the premises that had resulted in a dangerous condition.

There was ample evidence to present a question of fact to the court as to the negligence of the defendant. *Di Noto v. Gilchrist Company,* 332 Mass. 391. [There was no error in denying the defendant's request for a ruling that "The evidence does not warrant a finding for the plaintiff."]

*Report dismissed.*

Milton D. Klein, for the plaintiff

George G. Pierce, for the defendant,